## DAN DAVIS v. THE STATE.

No. 9643.    Delivered December 9, 1925.

Rehearing denied January 20. 1926.

**Manufacturing Intoxicating Liquor—Evidence—Identification of Whiskey—Properly Admitted.**

Where, on a trial for manufacturing intoxicating liquor, appellant having been found at a still in the actual process of making whiskey, there was no error in permitting witnesses to testify that the stuff poured out of the barrel into the fruit jars, was whiskey, basing their testimony on its smell and their familiarity with whiskey.

Appeal from the District Court of Somerville County. Tried below before the Hon. I. T. Ward, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

*Troy Gleason* of Glen Rose, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From a conviction in the District Court of Somervell County for unlawfully manufacturing intoxicating liquor, with punishment fixed at one year in the penitentiary, this appeal is taken.

The facts seem amply sufficient to show appellant to have been engaged in the manufacture of intoxicating liquor. Officers testified to finding him actually engaged in such manufacture.

There are four bills of exception in the record. The first complains that the sheriff was permitted to testify that he found appellant in ten or fifteen steps of a still which was making whiskey and that there were several containers of the liquid. This was objected to on the ground that it was secondary and not the best evidence. We find nothing in the complaint. The second bill of exception is to the testimony of witness McAllister that the stuff that was pouring out of the barrel into the fruit jar was whiskey. Witness said he had seen a great deal of corn whiskey, knew it when he saw it or smelled it or tasted it. From smelling it, it was his absolute opinion that it was corn whiskey. The objection to this seems without merit. The third bill of exception was to the testimony of witness Wood who said that he examined the liquid running out of the coil and that in his opinion it was whiskey; that it was white and that he tasted it and that in his judgment it was whiskey. There was nothing in the objection that this was secondary evidence. The remaining exception was to the refusal of a peremptory instruction of not guilty. We do not think this needs any discussion. The testimony overwhelmingly supported the conclusion of guilt.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant again insists that the State's testimony consisted of "secondary evidence". We

cannot agree in any particular with this contention. There is no semblance of secondary evidence in the testimony of one who states that he found the accused in a few steps of a still which was in operation making whiskey and near which were several containers with whiskey in them. Nor is there any element of secondary evidence in the testimony of a witness who says that he saw the whiskey coming out of the still, knows whiskey when he sees, smells or tastes it, and that the liquor seen by him was whiskey.

The motion for rehearing will be overruled.

*Overruled.*